# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VENCENT SCALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-231

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

This court's opinion issued September 8, 2015 is hereby withdrawn, and the following opinion is substituted.

Vencent Scales pled guilty to theft of government funds and was sentenced to 60 months of imprisonment and three years of supervised release. The district court also ordered Scales to pay restitution of $29,427.37, payable immediately. Scales challenges the district court's restitution order, arguing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court failed to give adequate consideration to his financial circumstances or ability to pay restitution.

Because Scales failed to raise the issue in the district court, we review for plain error. *See United States v. Arledge*, 553 F.3d 881, 900 (5th Cir. 2008). To demonstrate plain error, Scales must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not clear or obvious if it is "subject to reasonable debate." *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009). If Scales makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

The Mandatory Victims Restitution Act ("MVRA") instructs courts to order the full amount of restitution without regard to a defendant's ability to pay but to consider the defendant's resources, earnings, and obligations when setting a payment schedule. *See* 18 U.S.C. § 3664(f)(1)(A), (2). As the government stated in the presentence report ("PSR") in this case, Scales suffers from mental health problems, has no assets, and has not been employed since 2009. He receives Supplemental Security Income benefits of $699 per month, but that amount is subject to garnishment for outstanding child support payments. As a result, the PSR states that Scales "does not have the financial resources to pay a fine and make restitution payments."

We have held that a district court plainly erred by ordering a defendant to pay immediate restitution when he lacked the resources do so. *See United States v. Myers*, 198 F.3d 160, 169 (5th Cir. 1999). In contrast, we held that a court did not plainly err when it ordered restitution payable immediately and imposed monthly payments but did not require the full amount to be paid prior

to the end of supervised release. *See United States v. Miller*, 406 F.3d 323, 328 (5th Cir. 2005).

The district court here ordered restitution in a specific amount payable immediately. The court then stated that nonpayment would not violate Scales's conditions of supervised release if his payments were made "as provided in defendant's conditions of supervised release." Those conditions required, though, that the entire $29,427.37 be paid no later than 60 days prior to the end of his supervised release. We interpret these provisions, whether so intended or not, to make failure to pay the entire amount by the end of the supervised release period a violation of the relevant conditions that could subject Scales to additional imprisonment.

This case falls between *Myers* and *Miller*. Although Scales need not pay the full amount of the restitution immediately, he must do so by 60 days prior to the end of his term of supervised release or else be in violation of the conditions of his supervision. We vacated a similar sentence when a defendant lacked the resources to pay the full amount of restitution prior to the end of his supervised release. *See United States v. Calbat*, 266 F.3d 358, 366 (5th Cir. 2001). In that case the defendant raised the proper objection in the district court; we applied an abuse of discretion standard and vacated the sentence. *See id*. The import of *Calbat* and *Myers* is that a sentencing court errs, plainly and otherwise, when it sets a payment schedule for a defendant, who clearly has insufficient financial resources, that requires payment of all restitution as a condition of his supervised release.

In this case, the only evidence is that Scales does not have the ability to pay much if any of the restitution within the prescribed time period. The district court therefore plainly erred in requiring that the restitution be paid in full 60 days prior to the end of Scales's term of supervised release.

No. 14-10725

We VACATE the sentence and REMAND for resentencing.